**.STATE ex JENKINS, Plaintiff, v. HOUCHIN et, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 3885.   Decided January 26, 1946.

Hon. Hugh S. Jenkins, Atty. Genl., Paul T. Key, Special Counsel, Columbus, for plaintiff.

Forrest F. Smith, Columbus, for defendants.

## OPINION

By THE COURT:

This is an action in quo warranto in which a motion has been filed for temporary injunction. Actions in quo warranto fall within the exclusive jurisdiction of the Supreme Court and the Court of Appeals. **Article IV, Sections 2 and 6, Ohio Constitution; §12311 GC.** We recognize the principle of law that under certain circumstances the Court may grant ancillary injunctive relief in an action of quo warranto pending disposition of a case on the merits. **State v. Board, 70 Oh St, 341.**

Should the Court grant a temporary injunction in the instant case? The motion is addressed to the sound discretion of the Court. Because of the nature of the relief sought, the Court should exercise its discretion sparingly and cautiously. The relief should be granted only when refusal would result in serious and irreparable injury. No facts are alleged in the petition or presented to this Court, from which the Court can reasonably conclude that irreparable injury would result by refusing to sustain the motion. In the petition the following allegation is made:

"Said defendants are threatening to and will, unless restrained, dissipate and waste the assets of said corporation."

This allegation in the petition is a conclusion of the petitioners and no facts are set forth in support thereof. Under circumstances such as are found in this case, it is apparent that the business of the corporation must be conducted by one particular group of officers. The business of the corporation should not be thrown into a state of confusion by two sets of officers attempting to conduct its affairs. Usually ancillary injunctive relief is granted to preserve the status quo or to place one particular group in charge of the operation of the corporation until the principal issue is determined. This has been achieved by the Common Pleas Court of Franklin County in issuing a temporary restraining order in an action pending in that Court. Under the protection of the Common Pleas Court order, the persons who have been conducting the business of the corporation over a period of many years have been placed in charge of its affairs. The control of the business has not been changed. If this Court were to sustain the motion, it would result in removing the officers who have been conducting the business of the corporation and placing in charge of its affairs another set of officers. To do so would not be in the exercise of sound discretion.

Furthermore, the provisions of §11877 GC, do not permit

the Court to grant injunctive relief until there is first filed an affidavit showing that the plaintiff is entitled to such relief. True, §348 GC permits the Attorney General of the State to file his petition without being verified. However, this Court is of the opinion that the Attorney General is amenable to the provisions of §11877 GC in the same manner as any other litigant, as there are no exceptions, and if he seeks ancillary injunctive relief in this case, the requisite affidavit must be filed. However, this Court rests its judgment on the discretionary power of the Court to grant or not to grant ancillary injunctive relief in any given case.

Taking this view of the matter, we do not reach for determination the question of the alleged conflict of jurisdiction between this Court and the Court of Common Pleas of Franklin County.

Accordingly, the motion for temporary injunction is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.