CAPRI ET AL., APPELLANTS, v. JOHNSON ET AL., APPELLEES.

(No. 71-401—Decided April 18, 1972.)

*Messrs. Brownfield, Kosydar, Bowen, Bally & Sturtz,* for appellants.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Thomas J. Moyer,* for appellees.

REILLY, J. This is an appeal from a judgment of dismissal by the Court of Common Pleas entered October 15, 1971.

The record shows that plaintiffs, the appellants herein, in April, 1970, filed a petition in Common Pleas Court asserting that defendants, appellees herein, solicited proxies based upon false and misleading statements. The petition included a prayer that appellee Fidelity National Life Insurance Company be enjoined from conducting business at the annual meeting April 6, 1970, and that proxy material conforming to pertinent statutes and administrative regula-

tions be ordered by the court to be mailed to all stockholders. The injunction was not granted and the election of directors was held April 6, 1970, at the annual meeting of Fidelity National Life Insurance Company.

Thereupon, the trial court granted plaintiffs leave to file a supplemental petition which also alleged that defendants made misrepresentations and omissions as to proxy votes which caused such votes as were cast at said annual meeting to be null and void. The supplemental petition included a prayer for a finding that the proxies held by defendants were null and void; that the court declare the directors elected by the votes of such proxies not elected; and, also, that others be elected to the board. Plaintiffs prayed, in the alternatives, that the court order the entire election declared null and void, as well as order and supervise another election.

The case was called for trial and defendants moved for dismissal because the relief sought was pre-empted by the statutory remedy of quo warranto, which could be asserted only by the attorney general or prosecuting attorney. The motion was sustained and the case dismissed. The trial court, in the entry, held as follows:

"The motion was argued in open court by counsel for the parties. The Court being fully advised in the premises, finds that the theory of the case as alleged by the plaintiffs in the Petition and Supplemental Petition and the relief sought is to set aside the election of directors of a corporation franchised by the State of Ohio. The Court further finds that such relief can be brought only by action in Quo Warranto and that this Court does not have jurisdiction in such a case and that Branch 1 of said motion should be sustained. In view of said finding the Court does not make any ruling as to Branches 2 and 3."

Plaintiffs advance the following assignment of error:

"The Trial Court erred in holding that the action sought to be maintained by plaintiffs could be maintained only in *quo warranto* by the Attorney General or Prosecuting Attorney and in dismissing the complaint."

We note at the outset that counsel for both sides have

presented excellent briefs and persuasive oral arguments. The issue raised by the pleadings ultimately focuses upon the proper remedy in state court for a party seeking to challenge an election or unseat directors of a corporation franchised by the state of Ohio.

The petition, at paragraph 13, states as follows:

"As set forth below, the Defendant directors hold office by means of proxy solicitations in contravention of the Revised Code and they should not be permitted to continue to hold office and to continue their unlawful conduct, to the damage of Fidelity, because of their own dereliction in obtaining invalid proxies. It is, therefore, important that machinery be established whereby the validity of proxies can be determined, the truth concerning the Defendants and their relationship to Fidelity can be established, and all shareholders can be advised of the facts and given an opportunity to cast their votes or give their proxies with adequate knowledge of the circumstances."

Moreover, the supplemental petition, paragraphs 21 through 24, includes similar allegations. The prayer of the supplemental petition is as follows: "Wherefore, plaintiffs further pray:

"1. That the Court declare the proxies held by Management and cast in the Annual Meeting of April 6, 1970, in behalf of Management's candidates, null, void and of no effect.

"2. That the Court declare the votes cast at the Annual Meeting by persons present, in behalf of Management's candidates, null, void and of no effect.

"3. That the Court declare that Messrs. Adams, Berry, Juergens, Lenz, Stolle and Zink were not elected to the Board of Directors of Fidelity at the April 6, 1970 meeting.

"4. That the Court declare that Messrs. Curchin, Charles, Brownfield, Leis, Harding and Wexner are the duly elected six (6) new members of the Board of Directors of Fidelity.

"5. Or in the alternative that the Court order that the entire election be declared null, void and of no effect

and that truthful proxy material conforming to pertinent statutes and administrative regulations, supervised by this Court, be ordered mailed to all stockholders, who be then given an opportunity to vote for candidates for director nominated by the Shareholders' Committee or by the Defendants in light of such information.

"6. For any other and further relief as may be just and proper under the circumstances."

Thus, both pleadings stress the validity of the election as the core issue in the case. We are cognizant of the argument advanced by counsel for plaintiffs as to equitable relief when the question of the validity of the election of officers is incidental and collateral to the principal issue. This concept is summarized in 45 Ohio Jurisprudence 2d 630, Quo Warranto, Section 14:

"The Code authorizes the institution of a civil action in quo warranto in the name of the state against a person who usurps, intrudes into, or unlawfully holds or exercises an office in a corporation created by authority of the state of Ohio. It is held, therefore, that quo warranto is the proper remedy, and moreover the exclusive remedy, to challenge the right of one to hold an offiice in a corporation created by authority of the state. Quo warranto is the only remedy to challenge the title of a de facto officer of a private corporation, and the right to a corporate offoffice cannot be tested by mandamus or by injunction or other equitable proceeding. But while there is no question that the title to corporate office cannot be tested in a court of equity, nevertheless, where the question as to the validity of the election of officers is incidental and collateral to the principal issue, which by its nature is one in which it is proper for equity to intervene, then equity is warranted in taking jurisdiction of and hearing the whole controversy, even if for the purpose of granting relief it becomes necessary to inquire into the validity of the election. * * *"

The remedy of quo warranto is created by Sections 2 and 4, Article IV of the Ohio Constitution. R. C. 2733.15 establishes the procedure for asserting the action:

"When an action in quo warranto is against a direc-

tor of a corporation, and the court finds that, at his election, illegal votes were received or legal votes rejected sufficient to change the result, judgment may be rendered that the defendant be ousted, and of induction in favor of the person who was entitled to be declared elected.''

It is our view that a careful analysis of the record discloses that the trial judge was right when he said:

''Now, it is my feeling that in a quo warranto action the issue of proxy can be effectively raised. I can't do anything, Mr. Brownfield, but to follow the law. This is an action derivative in nature, but must be brought by you through the Prosecuting Attorney or the Attorney General, by way of a quo warranto action.''

Counsel for plaintiffs have carefully compared, in a scholarly manner, the background of the Securities and Exchange Act applying to proxy solicitations, with R. C. 3901.31 the related Ohio section. Insurance, however, is not regulated by the Securities and Exchange Act. It is regulated by Ohio law. R. C. 3901.31 (B) and (D) are pertinent. They read as follows:

''(B) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to such company, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such company within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the company, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the company, or by the owner of any security of the company in the name and in behalf of the company if the company fails or refuses to bring such suit within sixty days after request or fails diligently to prosecute the same thereafter; but no such suit shall

be brought more than two years after the date such profit was realized. Division (B) of this section shall not be construed to cover any transaction where such beneficial owner was not such both at the time of purchase and sale, or the sale and purchase, of the security involved or any transaction or transactions which the superintendent of insurance by rules and regulations may exempt as not comprehended within the purpose of division (B) of this section."

"(D) A domestic insurance company having at least fifty shareholders or any other person soliciting proxies with respect to such domestic insurance company shall not solicit voting proxies from any shareholder or other person except upon a proxy statement and pursuant to a notice of meeting, which statement and notice have been submitted to the superintendent of insurance at least ten days prior to being mailed to the intended recipients thereof. Such proxy statement and notice of meeting shall make such disclosures pertinent to the business to be carried on at the meeting or meetings with respect to which such proxies are solicited and such notices are given as the superintendent by regulation requires. The superintendent shall retain such proxy material for examination by any interested party for at least one year."

Subsection (B) of the above statute prohibits a corporate officer from misusing information in the sale or purchase of equity security of a corporation in which he holds office. It categorically provides a remedy in "a suit to recover profit at law or equity." Subsection (D) includes a substantive right of shareholders to receive material relating to proxies, which is complete and accurate. It does not provide a remedy, however, as apparently the General Assembly recognized quo warranto as being the best procedure and, consequently, another remedy is unnecessary.

We note that the Securities and Exchange Act provides a substantive right, under section 14, without a specific remedy. However, there is not a specific federal quo warranto provision. It is fundamental that a federal statute, or court, cannot change the jurisdiction of a state or com-

mon pleas court based upon federal decisions rather than state decisions. This case involves a violation of state law, within a state remedy. In Ohio, under state law, the right to hold office in a corporation is tested by quo warranto.

Furthermore, the "supremacy clause" of the Constitution of the United States is not herein violated. The cases interpreting the "supremacy clause" concern a conflict between federal and state statutes. In this case, they are subtantially the same. The distinction rests in the granting of a substantive right and the remedy to enforce such a right.

The foregoing concept is reiterated in *Central Vermont Railway Company* v. *White* (1915), 238 U. S. 507, at page 511: "There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought."

In any event, there is not a violation of the "supremacy clause" as long as the ultimate relief is similar. Quo warranto may be a tedious remedy but it is not, prima facie, inadequate. Moreover, if a shareholder can obtain the same ultimate relief in a quo warranto action in a state court as from equity in a federal court, such a remedy meets the constitutional test of equal protection of the laws. If plaintiffs' contention that quo warranto affords no practical relief has validity, it is a question for the legislature's consideration.

For the foregoing reasons, plaintiffs' assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and HOLMES, JJ., concur.