### The STATE ex rel. TUBBS JONES

v.

### BROWN et al.

[Cite as *State ex rel. Tubbs Jones v. Brown* (1991), 76 Ohio App.3d 154.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61217.

Decided Oct. 28, 1991.

*Rosenzweig, Schulz & Gillombardo Co., L.P.A., Isaac Schulz* and *Sharon L. Donohue,* for relator.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A., Patrick F. Roche* and *Sean P. Allan,* for respondents.

---

ANN McMANAMON, Presiding Judge.

In this quo warranto action, relator questions by what authority respondents Don P. Brown and Robert M. Torok are acting as directors of Quartz Fusion, Inc.

Brian Gallets, Russell D. Kane and Allen F. Denzine initially owned the following numbers of common shares of Quartz Fusion stock:

| | |
|---|---|
| Gallets | 55 Shares |
| Kane | 15 Shares |
| Denzine | 30 Shares |

On or about October 28, 1989, Kane, Denzine and Gallets entered into an agreement which was prepared by respondent Brown as counsel for Gallets. Prior to signing the agreement, Denzine had the document reviewed by counsel.

The only language in the agreement which relates to the board of directors of Quartz Fusion is found in paragraph five, which states:

*"Directors*

"5. The parties agree that as long as each remains a Shareholder, each party shall cause himself and the other parties to be elected a Director of QUARTZ FUSION, INC."

In December 1989, Denzine proposed to transfer his thirty shares in Quartz Fusion to River Oaks, an organization in which Denzine had a ninety-nine

percent interest. To effectuate this transfer, Denzine, Kane and Gallets, as well as River Oaks, executed an addendum to the original agreement on December 21, 1989. The addendum was drafted by an attorney representing the interests of Denzine and/or River Oaks.

The only language in the addendum relating to the board is contained in paragraph 6, which states:

"6. The parties agree that pursuant to Section 5 of the Agreement, so long as each remains a Stockholder, each party shall cause himself, except that the Limited Partnership shall cause Denzine to be elected directors of the Corporation."

Gallets acted as president of Quartz Fusion from November 1988 through November 1990. At that time Gallets called a special meeting of the shareholders. At this meeting Gallets, still the majority shareholder, voted to increase the size of the board from three to five directors. Denzine and Kane voted against the measure. Gallets voted to retain himself, Denzine and Kane as directors. Gallets also voted to add Brown and Torok to fill the newly created seats on the board. Since this meeting, the size of the board has remained five: Gallets, Kane, Denzine, Brown and Torok.

Relator requests that this court determine that Brown and Torok are not entitled to act as directors of Quartz Fusion and grant relief in quo warranto by pronouncing a judgment of ouster.

R.C. 2733.01 provides, in part:

"A civil action in quo warranto may be brought in the name of the state:

"(A) Against a person who * * * unlawfully holds or exercises * * * an office in a corporation created by the authority of this state[.]"

Respondents do not dispute that an action in quo warranto may be employed in some circumstances to challenge the right of an individual to act as a member of a board of directors of an Ohio corporation. They maintain that the requisite circumstances for issuing a writ of quo warranto, however, are not present in this action.

Respondents contend that relator should have filed a declaratory judgment action pursuant to R.C. Chapter 2721, because the issue raised by this action centers on the propriety of increasing the size of the board in light of the agreement. Relator, however, argues in her brief that this court has the authority "to decide corollary issues and to grant declaratory and ancillary relief in connection with a quo warranto action."

Relator has not substantiated this position. For example, several of the authorities cited by relator authorize ancillary relief solely for the purpose of maintaining the status quo while the court determines the main issue. See

*State ex rel. McGhee v. Walters* (1917), 96 Ohio St. 607, 119 N.E. 137 (the Supreme Court does not have jurisdiction where injunction is the sole relief sought and is not merely incidental to an action in quo warranto); *State ex rel. Ellis v. Bd. of Deputy State Supervisors of Cuyahoga Cty.* (1904), 70 Ohio St. 341, 71 N.E. 717 (ancillary injunction to protect those having the prima facie right to act as the board of deputy state supervisors and inspectors of elections from interference by other claimants during the pendency of quo warranto action); *State ex rel. Jenkins v. Houchin* (1946), 77 Ohio App. 295, 33 O.O. 52, 65 N.E.2d 164 (motion for temporary injunction is discretionary in quo warranto action but denied because court of common pleas had issued temporary restraining order preserving the status quo).

Relator also cites *Capri v. Johnson* (1972), 32 Ohio App.2d 95, 61 O.O.2d 93, 288 N.E.2d 604. In *Capri,* the issue was whether the individuals acting as directors were properly elected, not whether the addition of positions to the board of directors was legally authorized.

The question of the legality of additional seats to a board did arise, however, in *Ilerio v. Spanish–American Commt. for a Better Community* (Nov. 8, 1979), Cuyahoga App. No. 39606, unreported. The *Ilerio* plaintiff was a member of a nonprofit corporation known as the Spanish–American Committee for a Better Community. The regulations and bylaws of that committee were amended twice, in 1975 and 1976. The 1976 amendments were not submitted to the members for their approval but were adopted by the board of trustees. Pursuant to the 1976 amended regulations, the board of trustees of the committee was expanded from seven to twenty-one.

The *Ilerio* plaintiff filed an action in the court of common pleas, in which he averred, *inter alia,* that the 1975 and 1976 amendments were adopted illegally. He sought injunctive and declaratory relief. The court of common pleas granted the motions to dismiss and for summary judgment filed by defendant committee.

On appeal we reversed the judgment of the trial court. In doing so, this court expressly rejected the argument that the court of common pleas lacked jurisdiction to determine the request for declaratory and injunctive relief because quo warranto was the exclusive remedy available to the *Ilerio* plaintiff. In reaching this conclusion, the panel observed:

"In the case at bar, while the incidental effect of plaintiff's complaint is to bring into issue the election of trustees resulting from the expansion of the board due to the 1976 amended corporate regulations, its primary thrust is to test the legality of official action taken, *i.e.,* the adoption of amendments to the corporate regulations without the approval of the members. The proper

remedy in such a case is by injunction and not an action in quo warranto." *Ilerio, supra,* at 5.

Similarly, relator challenges the legality of the official action taken by the shareholders of Quartz Fusion in increasing the number of members of the board. Relator acknowledges this in framing the issue in this action:

"[W]hether a shareholders' agreement entered into by the three original shareholders of Quartz Fusion * * * permits the composition of the Board of Directors to be changed to add more or other directors than those three original shareholders."

Relator recognizes that an interpretation of the agreement and/or the addendum is a necessary antecedent to this court's deciding by what authority respondents Brown and Torok are acting as directors of Quartz Fusion.

Furthermore, we note that in response to relator's challenge to the legality of increasing the number of members of the board, respondents cite R.C. 1701.56(A)(2), which provides, in part:

"Unless the articles or the regulations fix the number of directors or provide the manner in which such number may be fixed or changed by the shareholders, the number may be fixed or changed at a meeting of the shareholders called for the purpose of electing directors at which a quorum is present, by the affirmative vote of the holders of a majority of the shares which are represented at the meeting and entitled to vote on the proposal." (Emphasis added.)

Thus, respondents contend that the increase in the number of members of the board is permissible, given the language of R.C. 1701.56(A)(2).

Clearly the primary issue before us is the interpretation of the shareholders' agreements. Based upon our decision in *Ilerio* we deny issuance of the writ.

Accordingly, relator's request for relief in quo warranto is denied. Relator is to pay costs.

*Writ denied.*

MATIA and JOHN F. CORRIGAN, JJ., concur.