[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nile Company, LLC (Nile) filed a three count complaint CT Page 14618 against the defendants William and Jane Capuano (the Capuanos). The first count alleges conversion, the second count alleges breach of an oral lease agreement, and the third count alleges theft.
The case was tried to the court on August 9, 2001. The parties submitted post trial briefs to the court. From the testimony and evidence the following facts could reasonably be found:
The parties discussed the possibility of the plaintiff leasing real property located at 19-21 South Main Street, Thomaston, Connecticut (property) from the defendant in early 1998 at a rent of $1,500.00 per month for the purpose of relocating the plaintiff's restaurant business.
The plaintiff subsequently paid the sum of $530.00 to the defendants to install a grease trap at the property.
When the plaintiff closed its old restaurant, it obtained permission from the defendants to move its restaurant equipment (equipment) to the defendants' property where the new restaurant was to be constructed and to store the equipment there.
The plaintiff moved the equipment to the property in November 1998.
The equipment was moved to the property in a trailer.
The plaintiff did not secure the equipment except to back the trailer up to a fence on the property.
The parties began negotiations of the specific lease terms related to the property in the spring of 1998.
A draft of the proposed lease was forwarded to the plaintiff's counsel in February of 1999.
The parties never signed a written lease.
The defendants, through counsel, advised the plaintiff on at least four occasions in March, April, May and June of 1999 that the plaintiff should remove its equipment from the defendants' property.
In September of 1999, the plaintiff asked an associate, James Denihan, ("Denihan") to go to the property and retrieve the equipment.
The plaintiff never notified the defendant that the plaintiff was sending Denihan to get the equipment. CT Page 14619
Denihan did not have any authorization from the plaintiff to indicate that he had any authority to take possession of the equipment.
The defendant asked Denihan to leave the property when Denihan could not produce any evidence that he, Denihan, had any authority to remove the equipment.
This was the only attempt made by the plaintiff to retrieve the equipment.
No evidence was presented as to the value of the equipment.
COUNT ONE — THE CONVERSION CLAIM
The plaintiff's conversion claim, which is premised on how the defendant dealt with the equipment that the plaintiff moved to the property, is not proven by a preponderance of the evidence. "Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights."Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 309 (1993).
"`The tort of conversion boasts a well established definition. . . . Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights. . . . [T]here are two general classes of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the onset: and (2) that in which the conversion arises subsequent to an initial rightful possession.' Luciani v. Stop ShopCos., 15 Conn. App. 407, 409-10, cert. denied, 209 Conn. 809, (1988)." (Citation omitted.) Maroun v. Tarro, 35 Conn. App. 391, 396, cert. denied, 231 Conn. 926 (1994); see also Wellington Systems, Inc. v.Redding Group, Inc., 49 Conn. App. 152, 169, cert. denied, 247 Conn. 905
(1998); Zanoni v. Hudon, 48 Conn. App. 32, 38, cert. denied, 244 Conn. 928
(1998); Policy v. Air One, Inc., 46 Conn. App. 573, 577, cert. denied,243 Conn. 937 (1997).
To establish a prima facie case of conversion under the second prong of the test set forth in Luciani v. Stop Shop, supra, (which is the claim in the present case) the plaintiff must demonstrate: (1) that the property at issue belongs to it; (2) that the defendants deprived the plaintiff of its property for an indefinite period of time, (3) that the defendants' conduct was unauthorized, and (4) that the defendants' conduct harmed the plaintiff. Zanoni v. Hudon, supra, 48 Conn. App. 38-39.
The facts of this case demonstrate that the plaintiff has not met his burden of proof on any of the issues relevant to his claims of CT Page 14620 conversion. The court finds that the defendants are not liable for conversion because no evidence exists that the defendants, without authorization, assumed and exercised the right of ownership over property belonging to another to the exclusion of the plaintiff's rights. Furthermore, the plaintiff has not proved conversion because no evidence exists that the defendants personally exercised dominion over the equipment. On the facts found, the defendant was justified in treating the equipment as abandoned, disposing of what looked to be debris. Accordingly, the court finds that the defendants are not liable for conversion.
COUNT TWO — THE ORAL AGREEMENT
A lease is a contract. Eis v. Meyer, 213 Conn. 29, 36 (1989); Welk v.Bidwell, 136 Conn. 603, 606 (1950). "It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties." Birney v.Barretta, Superior Court, judicial district of New Haven, Housing Session, Docket No. 5079 (July 27, 1993, Riddle, J.), citing BridgeportPipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249
(1970). "Any qualification of or departure from the terms in which the offer was made by the offeror, however, invalidates the offer unless the offeror agrees to the qualification or departure." Birney v. Barretta, supra, Docket No. 5079. "The law does not make a contract when the parties intend none nor does it regard an arrangement as completed which the parties thereto regard as incomplete." Id.
The discussions between the parties never resulted in a finalized lease agreement. Those discussions contemplated a written lease agreement, the terms of which were never finalized. The plaintiff never agreed to the proposed draft of February 16, 1999, which accompanied the defendants' counsel's letter. (Defendants' Exhibit F-1.) The more credible evidence presented at trial supports the conclusion that the parties never reached a final written or oral agreement as to any lease.
The court further finds that there is no enforceable contract based on the doctrine of part performance. "[T]he doctrine of part performance requires conduct that is referable to and consistent with [an] oral agreement between the parties. In the absence of an underlying agreement, there is no basis for finding that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement." (Internal quotation marks omitted.) Montanaro Brothers Builders, Inc. v.Snow, 190 Conn. 481, 487 (1983). CT Page 14621
If there was no mutual assent, even part performance (the undisputed payment by the plaintiff of the $535 for the grease trap on the property) would not render an oral contract enforceable. Hence, the lack of mutual assent precludes the enforcement of an alleged oral agreement. Accordingly, the court finds that the oral contract alleged in this case, essentially that the defendants agreed to store the equipment and lease the property, is unenforceable because of indefiniteness and uncertainty as to contract terms.
COUNT THREE — THEFT UNDER GENERAL STATUTES § 52-564
In count three, the plaintiff seeks treble damages for statutory theft under General Statutes § 52-564 for loss of the equipment. Section 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." General Statutes § 52-564. "[C]lear and convincing proof of the actions alleged is required in order to assess treble damages pursuant to [General Statutes] § 52-564." Lauder v.Peck, 11 Conn. App. 161, 163 (1987). "To `steal' commonly denotes the commission of theft, that is the felonious taking and carrying away of the personal property of another, and without right and without leave or consent of owner, and with intent to keep or make use wrongfully. . . . The word `steals' as used in Section 52-564 is synonymous with the definition of larceny in the penal code, under General Statutes Section 53a-119. . . . Section 53a-119 provides in pertinent part: larceny defined. A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."Gerardo v. Laraia, Superior Court judicial district of New Britain, Housing Session, Docket No. 1696 (January 31, 2001, Tanzer, J.).
Here, there is no credible evidence linking the defendant to a theft, as defined above, of the plaintiff's goods. The plaintiff made no attempts to inspect or retrieve the equipment from the time of transfer of the property in November of 1998 through September of 1999.
CONCLUSION
Accordingly, judgment may enter in favor of the defendant as to counts one, two and three of the plaintiff's complaint without costs to either party.
Cremins, J.