BONO, Appellant,

v.

McCUTCHEON et al., Appellees.

[Cite as *Bono v. McCutcheon,* 159 Ohio App.3d 571, 2005-Ohio-299.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2004 CA 23.

Decided Jan. 28, 2005.

572

George H. Lovett, for appellant.
Paul J. Kavanagh, for appellees.

WOLFF, Judge.

{¶ 1} Gina Bono appeals from a judgment of the Clark County Court of Common Pleas, which granted the motion of Matthew and Beth McCutcheon to dismiss her complaint, pursuant to Civ.R. 12(B)(6).

{¶ 2} According to Bono's complaint, on August 29, 2002, Bono and Matthew McCutcheon entered into a written contract for the sale of a whippet puppy named Doozie from McCutcheon to Bono. Doozie was purchased as a "show potential" dog, meaning that she was of a quality to be shown at events sponsored or recognized by the American Kennel Club. Doozie was also of a quality to be

bred. As per industry custom, McCutcheon gave Bono possession of Doozie when the agreement was made. Sometime thereafter, McCutcheon regained possession and has refused to return the dog to Bono.

{¶ 3} On December 12, 2003, Bono brought suit against McCutcheon, alleging breach of contract and conversion and seeking damages, specific performance, and replevin. Bono also alleged that Beth McCutcheon, Matthew's mother, had wrongfully interfered with the contract by inducing him to withhold possession of Doozie. On March 10, 2004, the McCutcheons moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6). They argued that the alleged contract lacked consideration, noting that the "Sales Contract" contained no sale price and that Bono had not paid for the dog. They further argued that the "sale" was a conditional purchase and that Bono had not alleged that she had satisfied the conditions of the sale. Finally, the McCutcheons claimed that the litigation belonged in small claims court, not the court of common pleas.

{¶ 4} On March 24, 2004, the trial court granted the McCutcheons' motion, finding that the lack of a sale price demonstrated a lack of consideration. Subsequently, Bono filed a response to the motion, and she sought reconsideration by the trial court and vacation of its dismissal order. Bono argued that although there was no cash exchanged for the whippet puppy, both parties incurred obligations to exchange services and animals, which constituted adequate consideration. The trial court agreed to reconsider its dismissal ruling. On reconsideration, the court again granted the motion to dismiss, reasoning:

{¶ 5} "Plaintiff's complaint is based on an alleged sales contract as evidenced by Exhibit 'A' attached to plaintiff's complaint. An essential element of a contract is consideration. This alleged contract is blank as to an [sic] sum for consideration to the seller. Therefore, the Court finds no sale occurred.

{¶ 6} "The plaintiff has paid nothing for the dog and no facts are plead[ed] which show the conditions of the alleged sale have been met. Plaintiff's claim shows, at least, a conditional sale where the conditions have not been met. No contract exists at this time."

{¶ 7} In her sole assignment of error, Bono claims that "the trial court erred to the prejudice of the appellant by granting the appellee's motion to dismiss."

{¶ 8} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. " 'In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in

favor of the nonmoving party.'" *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, quoting *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Although the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are * * * not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 324, 544 N.E.2d 639; see, also, *Mitchell,* 40 Ohio St.3d at 192–93, 532 N.E.2d 753; *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 104, 661 N.E.2d 218. "A Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.* (1995), 72 Ohio St.3d 464, 467, 650 N.E.2d 1343; see, also, *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 109, 647 N.E.2d 799. "A court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail." *Leichtman v. WLW Jacor Communications, Inc.* (1994), 92 Ohio App.3d 232, 234, 634 N.E.2d 697. Our review of the trial court's decision to grant the motion to dismiss for failure to state a claim upon which relief can be granted is de novo. *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.* (1994), 93 Ohio App.3d 292, 294, 638 N.E.2d 174.

{¶ 9} "A contract consists of an offer, an acceptance, and consideration. Without consideration, there can be no contract. Under Ohio law, consideration consists of either a benefit to the promisor or a detriment to the promisee. To constitute consideration, the benefit or detriment must be 'bargained for.' Something is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise. The benefit or detriment does not need to be great. In fact, a benefit need not even be actual, as in the nature of a profit, or be as economically valuable as whatever the promisor promises in exchange for the benefit; it need only be something regarded by the promisor as beneficial enough to induce his promise. Generally, therefore, a court will not inquire into the adequacy of consideration once it is found to exist.

{¶ 10} "Whether there is consideration at all, however, is a proper question for a court. Gratuitous promises are not enforceable as contracts, because there is no consideration. A written gratuitous promise, even if it evidences an intent by the promisor to be bound, is not a contract. Likewise, conditional gratuitous promises, which require the promisee to do something before the promised act or omission will take place, are not enforceable as contracts. While it is true, therefore, that courts generally do not inquire into the adequacy of consideration once it is found to exist, it must be determined in a contract case whether any 'consideration' was really bargained for. If it was not

bargained for, it could not support a contract." (Citations omitted.) *Carlisle v. T & R Excavating, Inc.* (1997), 123 Ohio App.3d 277, 283–284, 704 N.E.2d 39.

{¶ 11} In the present case, it is undisputed that Bono did not pay money for the dog. Even though no money changed hands, Bono claims that her promises in the contract constituted consideration. In particular, she notes that the contract required her to keep the dog in good condition, to show the dog at a number of contests so that it would win awards and increase its value, to breed the animal, and to permit McCutcheon to receive the second pick of Doozie's first litter. The McCutcheons respond that "[w]here no money was paid or expected by [the McCutcheons], the complaint and the 'Sales Contract' clearly demonstrate that the dog was promised as a gift." They further claim that Bono's agreement to perform the conditions in the alleged contract did not induce McCutcheon to give Doozie to Bono and cannot serve as consideration.

{¶ 12} In our judgment, the complaint sufficiently alleged that Bono gave consideration for Doozie when she agreed to provide McCutcheon a puppy (the second pick) from Doozie's first litter. Bono also agreed to allow McCutcheon the right to "take" Doozie for an entire litter upon request (at his own expense). In essence, Bono and McCutcheon agreed to an exchange of puppies—Doozie for "a puppy to be named later." Bono's agreement to provide a puppy to McCutcheon resulted in a benefit to McCutcheon; that term was not merely a condition of McCutcheon's performance attached to a gratuitous promise that benefited only Bono. See *Carlisle*, 123 Ohio App.3d at 286–287, 704 N.E.2d 39. Accordingly, the trial court erred in dismissing Bono's complaint because of a lack of consideration by Bono.

{¶ 13} Bono also asserts that the trial court incorrectly concluded that she had, at best, alleged a conditional contract, the conditions of which had not been met. She argues that "[n]othing in the contract must occur before the parties are bound to perform their promises." The McCutcheons dispute this contention, arguing that the alleged contract plainly indicated that the sale of the dog is subject to the performance of conditions by Bono. They emphasize that the contract states: "The following pages contain the agreement and conditions for the purchase of said puppy stated above" and "Failure to uphold the above conditions will allow the seller the right to immediate ownership of said puppy and a *$1,000* fee." (The amount of the fee was handwritten.) The alleged conditions included taking Doozie to a veterinarian within 48 hours at Bono's expense and sending a signed statement from the veterinarian to McCutcheon within seven days. The McCutcheons claim that Bono failed to allege that she had satisfied these conditions and that she had not, in fact, satisfied them.

{¶ 14} Upon review of the alleged sales contract, we agree with Bono that the "conditions" are, in fact, the terms of the agreement. It is apparent that the parties contemplated that McCutcheon would grant possession of the puppy to Bono upon execution of the agreement and that Bono would be required to fulfill certain conditions immediately, such as to take Doozie to a veterinarian. Although the parties had on-going obligations prior to the transfer of complete ownership to Bono, both parties were immediately obligated by the terms of the contract. Moreover, Bono has not alleged that she was wrongfully denied full ownership of Doozie. Rather, she has alleged that the McCutcheons have deprived her of possession of the dog, a right that she apparently had upon execution of the contract. Accordingly, we find no need for Bono to have alleged that she had satisfied conditions precedent to possession of Doozie. Accordingly, the trial court erred in concluding that Bono's complaint failed to allege that a contract existed.

{¶ 15} In addition, Bono claims that the trial court erred in dismissing her complaint, because she also had alleged valid claims for conversion and tortious interference with the contract and validly sought replevin and specific performance. "Conversion is defined as any exercise or control wrongfully exerted over the personal property of another in denial of, or under a claim inconsistent with, his rights." *Collins v. Natl. City Bank,* Montgomery App. No. 19884, 2003-Ohio-6893, 2003 WL 22971874. "A replevin action provides the means to obtain possession of specific personal property that one has a right to possess. Where one claims title to, and the right to immediate possession of, specific personal property which is wrongfully detained from him, he has the right to recover possession of that property by an action in replevin." *Walther v. Cent. Trust Co., N.A.* (1990), 70 Ohio App.3d 26, 31–32, 590 N.E.2d 375, citing *Serv. Transp. Co. v. Matyas* (1953), 159 Ohio St. 300, 50 O.O. 298, 112 N.E.2d 20, paragraph one of the syllabus.

{¶ 16} Bono has alleged that McCutcheon agreed to give Doozie to her and that he gave her possession of the dog. She has alleged that McCutcheon now has possession of the dog and has wrongfully refused to return Doozie to her. These allegations are sufficient to plead a claim of conversion and replevin. By claiming that Doozie is unique and that monetary damages would be inadequate, Bono has adequately pleaded a request for specific performance. As stated above, Bono has properly asserted a claim for breach of contract. Bono's allegations that Beth McCutcheon induced her son to withhold possession of Doozie from Bono are adequate to raise a claim of tortious interference with contract against Beth McCutcheon. Accordingly, none of these claims should have been dismissed for failure to state a claim upon which relief may be granted.

{¶ 17} Bono's assignment of error is sustained.

{¶ 18} The judgment of the trial court is reversed and the action is remanded for further proceedings.

Judgment reversed
and cause remanded.

BROGAN, P.J., and GRADY, J., concur.