JAN ANGRAVE *v.* SHELIA OATES
(AC 25970)

Lavery, C. J., and Harper and Peters, Js.

428

*Bernadette M. Keyes*, for the appellant (defendant).

*Peter N. Buzaid*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Shelia Oates, appeals from the judgment of the trial court rendered in favor of the plaintiff, Jan Angrave, in an action for the replevin of a show dog.[1] On appeal, the defendant challenges the court's determination that the plaintiff holds a superior right to possess the animal. We affirm the judgment of the trial court.

This case arises out of an oral agreement between the plaintiff and the defendant under which the defendant agreed to place Lady Catherine, her fourteen month old purebred Greater Swiss Mountain dog, in the custody of the plaintiff. In exchange, the plaintiff agreed to allow the defendant to select two puppies from the dog's first litter.

Once the agreement was made, the dog's registration was changed to reflect both the plaintiff and the defendant as the dog's owners. For more than two years, the plaintiff cared for and retained possession of the dog. During that time, the plaintiff maintained contact with

[1] Replevin is an action to recover goods or chattel. General Statutes § 52-515.

the defendant, who, as a more experienced owner and breeder of show dogs, occasionally would assist her when various problems arose. As is standard practice with dogs of Lady Catherine's breed, hip X rays were performed once the dog reached an appropriate age for breeding. The X rays revealed that the dog suffered from hip dysplasia, a genetic condition considered undesirable when breeding for show or for reputable selling.

The plaintiff placed the dog in the defendant's care for her to evaluate the condition until more tests were performed. When the plaintiff requested that the defendant return the dog, the defendant refused and this action ensued. After the complaint was filed, but before this case came before the court, the defendant had the dog spayed without the plaintiff's knowledge or consent.

This case initially came to the court as a claim for a temporary injunction. Upon the agreement of both parties, the entire matter was litigated in full. The court found in favor of the plaintiff. The defendant now appeals.

We first set forth our standard of review. A court's finding of the right to immediate possession in a replevin action raises a question of fact. *Robinson* v. *Atterbury*, 135 Conn. 517, 522–23, 66 A.2d 593 (1949). We review questions of fact under the clearly erroneous standard. Therefore, the court's finding will be overturned only on a showing that "there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *ATC Partnership* v. *Windham*, 268 Conn. 463, 479, 845 A.2d 389 (2004).

The defendant contends that the court should not have made a finding of replevin in favor of the plaintiff because the plaintiff never fulfilled her obligation to give the defendant two puppies, nor did she pay any money for the dog. According to the defendant, she has superior title to the dog because the plaintiff did not furnish adequate consideration for it. As the court noted, this is not a contract action and, thus, it is not within the court's power to determine which party has superior *title* to the animal.[2] Rather, this is a replevin action, which involves a comparison of the superiority and inferiority of competing rights to *possess* the animal. See *Polivy* v. *Air One, Inc.*, 46 Conn. App. 573, 575, 700 A.2d 71, cert. denied, 243 Conn. 937, 702 A.2d 644 (1997).

In Connecticut, an action of replevin is purely statutory in nature. *Cornelio* v. *Stamford Hospital*, 246 Conn. 45, 49, 717 A.2d 140 (1998). General Statutes § 52-515 provides that "[t]he action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention."

The record contains ample support for the court's judgment in favor of the plaintiff. It found that the plaintiff had a possessory interest in the dog, a chattel,[3]

[2] We note, as did the court, that it was the defendant's own act, that of spaying Lady Catherine, on which she bases her argument that the plaintiff is unable to perform on the contract. Cf. *Bono* v. *McCutcheon*, 159 Ohio App. 3d 571, 824 N.E.2d 1013 (2005) (in action alleging both breach of contract and replevin, written agreement to exchange show dog for future puppy, assuming that dog was to be of breeding quality, found to be valid consideration at time of agreement, regardless of whether puppy actually was furnished).

[3] The defendant also maintains that the court should have considered the best interest of the dog as a factor in its analysis. A claim of replevin does not involve the best interest of the dog, which is a chattel under General Statutes § 22-350 ("[a]ll dogs are deemed to be personal property").

as evidenced from the dog's registration naming both the plaintiff and the defendant as her owners. The court was persuaded that the plaintiff had a right to immediate possession of the dog by (1) the period during which the plaintiff had possessed and cared for the dog (which exceeded two years and had constituted the majority of the dog's lifetime) and (2) the plaintiff's exclusive payment for all of the dog's care, entry into shows and medical treatments during that period. The court's determination that the defendant wrongfully had possessed the dog is supported by the finding that the defendant had retained possession of the dog when neither party had ever contemplated that the dog would be returned to the defendant.[4] We conclude, therefore, that the court's finding that the plaintiff had a right to immediate possession of the dog is supported by the record and was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Although there is a dispute as to whether the parties contemplated a contingency plan in the event that the dog was unable to be bred responsibly, the court found that neither the defendant nor the plaintiff considered the possibility that the dog would ever be returned to the permanent custody of the defendant.