QUESTECH FINANCIAL, LLC *v.* BENNI'S, LLC
(AC 28334)

Bishop, Harper and Foti, Js.

Argued October 18, 2007—officially released February 12, 2008

*Robert E. Kaelin,* with whom were *Michael H. Levison* and, on the brief, *Amanda F. Lawrence* and *Ronald S. Beacher,* for the appellant (plaintiff).

*Stuart B. Ratner,* for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, QuesTech Financial, LLC, appeals from the judgment of the trial court, which granted the plaintiff the right to replevin certain goods and chattels in the possession of the defendant, Benni's, LLC, while reserving for the defendant an opportunity to redeem, repurchase or bond those goods and chattels. We reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The defendant owns and operates a Bennigan's Grill and Tavern restaurant in Stamford. In 2002, the parties executed a note and security agreement by the terms of which the defendant became indebted to the plaintiff in the amount of $375,000. The agreement also contained a clause by which the defendant granted the plaintiff a "first priority security interest in and lien of" the following assets: "All personal property, including (without limitation) all . . . equipment, inventory, goods, accounts, accounts receivable, contract rights, chattel paper, documents, fixtures, furniture, investment property, general intangibles, instruments, cash, deposit accounts, reserves, credits and any other funds due or to become due to [the plaintiff] . . . present and future attachments, accessories and accessions, spare parts, replacements, substitutions and exchanges or trade-ins with respect to, in connection with or generated by any of the foregoing . . . the products, proceeds, offspring, rents and profits of all of the foregoing, including insurance proceeds payable in respect of loss or damage to any of the foregoing and all other proceeds in whatever form . . ." (collateral). The defendant subsequently defaulted on the terms of the agreement, and the plaintiff accelerated the balance due thereupon. The plaintiff thereafter filed a replevin action pursuant to General Statutes § 52-515, seeking the immediate possession of the collateral in the defendant's possession.

On February 8, 2005, the court entered a default against the defendant for failure to comply with certain discovery orders. On July 29, 2005, the plaintiff filed a motion for judgment seeking, inter alia, the authority to remove the collateral from the defendant's restaurant. On July 13, 2006, the court granted the plaintiff's motion for judgment, stating in relevant part that the

plaintiff had "moved to immediately replevin the collateral in which it has a security interest, and consisting of *goods and chattels* located in Bennigan's . . . . The plaintiff's motion for a judgment of replevin is granted . . . but is stayed for thirty (30) days to give the defendant an opportunity to redeem, repurchase or bond the *goods and chattels* located at Bennigan's . . . ."[1] (Emphasis added.) The plaintiff subsequently filed a motion for reconsideration, arguing that "[n]o legal support exists under Connecticut law for [the court's decision] to provide [the defendant] with the right to redeem, repurchase, or bond the [c]ollateral." The court denied the plaintiff's motion. This appeal followed.

The plaintiff's sole claim on appeal, which we will review under a plenary standard or review,[2] is that the court improperly granted the defendant an opportunity to redeem, repurchase or bond the collateral. In so claiming, the plaintiff has renewed its argument that there was no basis in law on which the court could grant such an opportunity to the defendant. We agree with the plaintiff.

The defendant claims that the court's authority is derived from its equitable powers. The defendant argues that a replevin action is the personal property equivalent of a foreclosure proceeding, and "[j]ust as a mortgage foreclosure has been determined to be an equitable proceeding . . . so must a replevin action be

---

[1] We emphasize that the court restricted its judgment to the "goods and chattels" located at the defendant's restaurant. To the extent that the plaintiff asserts that the court's judgment encompassed all of the items in which it claims a security interest, we question whether all of those items are "goods and chattels" that are amenable to replevin. See General Statutes § 52-515. Nevertheless, the parties have not raised that issue, and, thus, it is not before us.

[2] "We afford plenary review to . . . questions of law." *Berlin Batting Cages, Inc.* v. *Planning & Zoning Commission*, 76 Conn. App. 199, 215, 821 A.2d 269 (2003).

considered an equitable proceeding." (Citation omitted.)

Unfortunately for the defendant, while "[f]oreclosure is peculiarly an equitable action"; *Hartford Federal Savings & Loan Assn.* v. *Lenczyk*, 153 Conn. 457, 463, 217 A.2d 694 (1966); "[i]n Connecticut, an action of replevin is purely statutory in nature." *Angrave* v. *Oates*, 90 Conn. App. 427, 430, 876 A.2d 1287 (2005). The statute giving rise to an action of replevin, § 52-515, provides that "[t]he action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention." Section 52-515 unambiguously provides for the recovery of goods or chattels upon the proof of certain, specified criteria; nowhere does it provide an opportunity for redemption once those criteria have been established. All of the criteria were established in this case by way of the court's entry of a default. See *DeBlasio* v. *Aetna Life & Casualty Co.*, 186 Conn. 398, 400, 441 A.2d 838 (1982) ("entry of a default constitutes an admission by the defendant of the truth of the facts alleged in the complaint"). Therefore, the court lacked a legal basis on which to grant the defendant an opportunity to redeem, repurchase or bond the goods or chattels subject to replevin.

The judgment is reversed only as to its affording the defendant an opportunity to redeem, repurchase or bond the goods or chattels subject to replevin and the case is remanded with direction to award the plaintiff the immediate and unconditional possession of the goods and chattels to be replevied. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.