[Cite as *Aronoff v. PAJ Ents., Inc.*, 2022-Ohio-1759.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| BRUCE ARNOFF, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110714 |
| v. | : | |
| PAJ ENTERPRISES, LLC, | : | |
| Defendant-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED AND
REMANDED IN PART
**RELEASED AND JOURNALIZED:** May 26, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-946524

---

### *Appearances:*

Bruce Arnoff, *pro se.*

DeBlasis Law Firm, LLC, and Rick D. DeBlasis, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Plaintiff-appellant, Bruce Arnoff ("Arnoff"), pro se, appeals from the trial court's judgment that granted the Civ.R. 12(B)(6) motion of defendant-appellee, PAJ Enterprises, L.L.C. ("PAJ"), to dismiss Arnoff's complaint for failure to state a claim upon which relief can be granted. Finding some merit to the appeal, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

{¶ 3} In April 2021, Arnoff, on behalf of himself and his company, ATT Security, filed a pro se complaint captioned "Intentional Fraudulent Tort, Civil Conspiracy, Negligence, Recoupment & Damages" against PAJ. The complaint alleged that PAJ is a predatory lender that circumvents various state and federal lending laws through its alleged fraudulent practices. The gist of Arnoff's complaint was that he had an ownership interest or a mechanic's lien, or both, on real property at 5045 Harper Road in Solon, Ohio (the "property"), and PAJ engaged in unlawful conduct that caused him to lose his interest.

{¶ 4} Specifically, Arnoff's complaint alleged that PAJ made a fraudulent loan to the buyer of the property by encouraging him to create a shell company so PAJ could issue a commercial loan for the property, even though the buyer could not afford the down payment or monthly payments and 38 other residential properties he had purchased under various company names had been foreclosed upon since 2011. Arnoff alleged that when the unqualified buyer could not make the down

payment, PAJ encouraged him to sell the property to Arnoff, which he did, but that PAJ then fraudulently used Arnoff's purchase money wire transfer as the down payment for its own buyer's loan.

{¶ 5} Arnoff further alleged that he and ATT Security performed over $200,000 in renovations on the property, for which he was not paid by the owner, and that PAJ foreclosed on the property after the renovations were complete. Arnoff alleged that although he had two mechanic's liens on the property that should have been the primary liens, because the Cuyahoga County Auditor misfiled one lien and PAJ foreclosed without paying the other lien, PAJ was able to buy the property at the foreclosure sale for $60,000 after refusing to allow Arnoff's partner to make a cash offer of $170,000 on the home.

{¶ 6} Attached to Arnoff's complaint was a document entitled "Subpoena and Interrogatory for PAJ Enterprises, L.L.C." The subpoena sought "all information and documentation used for loans/mortgages made on 5045 Harper Road in Solon, Ohio." The interrogatories asked various questions regarding PAJ's lending practices generally and specifically regarding the property at 5045 Harper Road.

{¶ 7} In response, PAJ filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. PAJ argued that the complaint should be dismissed because "the complaint does not allege sufficient underlying facts to state any cause of action against PAJ." It also argued that the complaint should be dismissed as to all plaintiffs other than Arnoff because

Arnoff is not a licensed attorney and thus cannot bring an action on behalf of any other individual or entity. Arnoff did not file a response to PAJ's motion. The trial court granted PAJ's motion and dismissed the case with prejudice without specifying the basis for the dismissal. This appeal followed.

## II. Law and Analysis

### A. Civ.R. 12(B)(6) Motion to Dismiss

{¶ 8} In his first assignment of error, Arnoff contends that the trial court erred in granting PAJ's Civ.R. 12(B)(6) motion to dismiss without ruling on the merits of the case.

{¶ 9} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421, ¶ 7. In resolving a Civ.R. 12(B)(6) motion, the court's review is limited to the allegations contained in the complaint, along with any documents properly attached to or incorporated within the complaint. *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38.

{¶ 10} For a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmoving party's favor. *Windsor Realty & Mgmt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 8th Dist. Cuyahoga No. 103635, 2016-Ohio-4865, ¶ 23, citing *O'Brien v. Univ. Community*

*Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. If there is a set of facts consistent with the plaintiff's complaint that would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). A court may not dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail. *Bono v. McCutcheon*, 159 Ohio App.3d 571, 2005-Ohio-299, 824 N.E.2d 1013, ¶ 8 (2d Dist.).

{¶ 11} An appellate court conducts a de novo review of a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Accordingly, we undertake an independent analysis without deference to the trial court's decision. *Hendrickson v. Haven Place, Inc.,* 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 12.

{¶ 12} PAJ contends that we should affirm the trial court because in light of the foreclosure action regarding the property,[1] all of Arnoff's claims are barred by the doctrine of res judicata. At first glance, this would appear to be a persuasive argument. In the complaint, Arnoff conceded there was a foreclosure action in which his interest in the property was resolved, albeit not to his satisfaction. Because Arnoff's claims in this case arise out of the same transaction that was the subject matter of the foreclosure case, they would indeed appear to be barred by the doctrine of res judicata.

---

[1] *PAJ Ent., L.L.C. v. Cleveland Properties of Ohio, L.L.C., et al.,* Cuyahoga C.P. No. CV-17-881521.

{¶ 13} PAJ did not raise the issue of res judicata in its motion to dismiss, however. It is well established that arguments not raised below are waived for purposes of appeal. *Perk v. Tomorrows Home Solutions, L.L.C.*, 8th Dist. Cuyahoga No. 104270, 2016-Ohio-7784, ¶ 8. Moreover, as this court recently reiterated, "res judicata is not a defense that can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be proved with evidence outside the pleadings." *Kobal v. Kobal*, 8th Dist. Cuyahoga No. 110317, 2022-Ohio-812, ¶ 10, citing *Commons v. Raaber*, 8th Dist. Cuyahoga No. 96867, 2011-Ohio-6084, ¶ 10, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991). Thus, had PAJ argued in its motion that res judicata barred Arnoff's claims, the trial court would have been required to convert the motion to dismiss into a motion for summary judgment. *Kolar* at ¶ 12, citing *Hecht v. Equity Trust Co.*, 8th Dist. Cuyahoga Nos. 110380 and 110650, 2022-Ohio-198, ¶ 29 ("Where the determination of a motion to dismiss requires reference to materials outside the pleadings, the trial court should convert the motion to dismiss into a motion for summary judgment."); *see also* Civ.R. 12(B). Nevertheless, we find that the trial court properly granted PAJ's motion to dismiss for other reasons.

{¶ 14} Arnoff's complaint alleged claims for fraud, civil conspiracy, and negligence. A case for common law fraud requires proof of (1) a representation or, where there is a duty to disclose, omission of a fact, (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be

inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by such reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984). Civ.R. 9(B) provides that fraud claims must be pleaded with particularity. This court has held that the particularity requirements of Civ.R. 9(B) includes "the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." *Pointe at Gateway Condominium Owners' Assn. v. Schmelzer*, 8th Dist. Cuyahoga Nos. 98761 and 99130, 2013-Ohio-3615, ¶ 65.

{¶ 15} Moreover, "the elements of fraud must be directed against the alleged victim." *Wiles v. Miller*, 10th Dist. Franklin No. 12AP-989, 2013-Ohio-3625, ¶ 33. Accordingly, "a plaintiff fails to plead a valid cause of action for fraud when he alleges that a third party relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance." *Id*. Arnoff's complaint alleges that PAJ committed fraud by using false bank records and other documents to enable "unqualified individuals," including the third-party buyer of the property at issue in this case, to qualify for mortgage loans. But these allegations allege fraud against a third party — the unnamed bank(s) that in reliance on allegedly false documents gave loans to "unqualified individuals" and to the third-party buyer — and thus are insufficient to establish Arnoff's fraud claim. "A fraud claim cannot be predicated upon misrepresentations made to third parties." *Lucarell v. Nationwide Mut. Ins. Co.,* 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 68.

{¶ 16} The only allegation of fraud relating to Arnoff specifically is that PAJ waited to notify him there were liens on the property until after he had completed his renovations to the property. But Arnoff's complaint does not demonstrate any contact or relationship between him and PAJ that would give rise to any duty by PAJ to disclose the liens.

{¶ 17} Arnoff also contends that PAJ committed fraud by allegedly violating unspecified foreclosure laws during the foreclosure action. But the facts alleged in the complaint fail to demonstrate that PAJ made a misrepresentation to Arnoff or failed to disclose anything it had a duty to disclose under the unspecified foreclosure laws, that PAJ's alleged violation of the unspecified laws was made with the intent of misleading Arnoff into relying on the alleged misrepresentation or omission, and that he justifiably relied on the misrepresentation or concealment. Moreover, PAJ's alleged violation of the unspecified foreclosure laws, if true, would appear to be fraud against a third-party, i.e., the court, instead of against Arnoff. Accordingly, because the operative facts alleged in the complaint do not demonstrate that Arnoff has a viable claim of fraud against PAJ, the trial court properly granted PAJ's motion to dismiss this claim.

{¶ 18} Arnoff's complaint also alleged that PAJ committed a civil conspiracy by applying his downpayment monies to its own buyer's loan. To maintain a claim of civil conspiracy, a plaintiff must demonstrate (1) a malicious combination of two or more persons, (2) causing injury to another person or property, and (3) the existence of an unlawful act independent from the conspiracy itself. *Syed v. Poulos*,

8th Dist. Cuyahoga Nos. 103137 and 103499, 2016-Ohio-3168, ¶ 28, citing *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995). A claim of civil conspiracy rests upon an actual agreement to participate in wrongful activity. *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998). Arnoff's complaint alleges no operative facts constituting an agreement between PAJ and others to commit unlawful acts. Moreover, "[a] civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Adams v. Margarum*, 10th Dist. Franklin No. 16AP-515, 2017-Ohio-2741, ¶ 21. Arnoff's complaint alleged no underlying fraud claim with respect to the conspiracy and, in any event, as noted above, the operative facts do not support a fraud claim. Accordingly, the civil conspiracy claim necessarily fails.

{¶ 19} Arnoff's complaint also failed to establish a claim for negligence. The elements of a negligence claim are (1) a duty, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Texler v. D.O. Summer Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). The facts alleged in the complaint do not demonstrate that Arnoff was a borrower impacted by PAJ's alleged fraudulent lending practices nor does the complaint identify a creditor/debtor relationship between PAJ and Arnoff, or any relationship, that would give rise to a duty owed by PAJ to Arnoff. Arnoff's negligence claim therefore failed to state a claim upon which relief could be granted.

{¶ 20} Accordingly, because on the basis of the facts and law alleged, Arnoff could prove no set of facts that would entitle him to relief, the trial court properly

granted PAJ's Civ.R. 12(B)(6) motion and dismissed Arnoff's claims with prejudice. Dismissal with prejudice was appropriate because the operative facts establish that no relief is available to Arnoff on his claims, however they are pleaded. *See Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 17 (a Civ.R. 12(B)(6) dismissal is without prejudice unless the claims can be pleaded in no other way).

{¶ 21} The court erred, however, in dismissing ATT Security's claims with prejudice. The caption of the complaint listed "Bruce Arnoff, et al." as plaintiffs. The case classification form filed with the complaint listed "Bruce Arnoff/ATT Security" as plaintiffs. It also listed "Keith Eckmeyer P.O.A." as attorney of record. Arnoff was the only signatory to the complaint, however; neither Keith Eckmeyer nor any attorney of record signed the complaint. Accordingly, we conclude the action was filed solely by Arnoff.

{¶ 22} Arnoff is not an attorney, however, and although he may represent his own interests in court, he may not represent ATT Security, even if he is a member of the corporation. *Mun. Realty Corp. v. Ergur*, 6th Dist. Lucas No. L-13-1241, 2014-Ohio-1557, ¶ 7 (an Ohio corporation must be represented by an attorney and cannot be represented in court by a nonattorney officer). Consequently, the trial court's dismissal of ATT Security should have been without prejudice rather than with prejudice. As this court stated in *Kinasz v. S.W. Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402, "[w]hen a non-attorney files a complaint in

a court in violation of R.C. 4705.01,[2] the court should dismiss the complaint without prejudice." *Id.* at ¶ 18, citing *Williams v. Global Constr. Co., Ltd.,* 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus. The court explained that "it would be 'inconsistent' for a court to hold that a nonattorney had no authority to assert a claim on behalf of another, yet hold that the claim the nonattorney had wrongfully attempted to assert on behalf of that party was, as a result, subject to dismissal with prejudice." *Id.,* citing *Williams* at 121. Accordingly, the trial court erred in dismissing ATT Security's claims with prejudice.

{¶ 23} With respect to the listing of "Keith Eckmeyer P.O.A." on the complaint as attorney of record, we note that a nonlawyer with a power of attorney may not appear in court on behalf of another or otherwise practice law. *Office of Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 158, 724 N.E.2d 402 (2000). However, because only Arnoff signed the complaint and Keith Eckmeyer did not sign in any capacity, we point out the error but need not address it in any way.

{¶ 24} Accordingly, the first assignment of error is sustained in part and overruled in part. The trial court's judgment dismissing Arnoff's claims with prejudice is affirmed; the court's judgment dismissing ATT Security's claims with

---

[2] R.C. 4705.01 provides that "[n]o person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the Supreme Court in compliance with its prescribed and published rules."

prejudice is reversed and the matter is remanded for the trial court to enter judgment dismissing ATT Security's claims without prejudice.

### B. Summary Judgment

{¶ 25} In his second assignment of error, Arnoff contends that the trial court should have granted summary judgment in his favor because PAJ did not answer the complaint within 28 days as required by Civ.R. 12(A)(1). This argument is without merit.

{¶ 26} Civ.R. 12(B) provides that certain defenses, including "failure to state a claim upon which relief can be granted," may at the option of the pleader be made by motion before pleading in response to a complaint. As this court has recognized, "[t]he filing of a Civ.R. 12(B)(6) motion to dismiss is an alternative to answering the complaint." *Cromartie v. Goolsby*, 8th Dist. Cuyahoga No. 93448, 2010-Ohio-2604, ¶ 14. Civ.R. 12(A) provides that if a party files a motion permitted by Civ.R. 12(B)(6), its time to answer the complaint is delayed until the court renders a decision on the motion. Thus, because PAJ filed a Civ.R. 12(B)(6) motion to dismiss, it was not required to answer the complaint until after the motion was decided. And because the trial court granted PAJ's motion, it was not required to answer the complaint at all. The second assignment of error is therefore overruled.

{¶ 27} In his third assignment of error, Arnoff contends that the trial court should have granted summary judgment in his favor because PAJ did not answer the interrogatories attached to his complaint. This argument is likewise without merit.

{¶ 28} Civ.R. 37 allows a party whose discovery requests have not been answered to file a motion to compel discovery responses but provides that such a motion may be made only after the movant has made a good-faith effort to confer with the party that has failed to respond. Civ.R. 37 further provides that the court may grant the motion to compel and issue an order compelling discovery responses and that if the order is ignored, the court may impose sanctions, including granting a default judgment against the disobedient party.

{¶ 29} The record contains nothing demonstrating that Arnoff made any effort to obtain a response to his discovery requests, as required by Civ.R. 37, or that he ever filed a motion to compel discovery. Without such a motion, there can be no error in the trial court's failure to impose any sanctions on PAJ. The third assignment of error is overruled.

{¶ 30} Judgment affirmed in part; reversed and remanded in part.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR