## No. 738
## SACHS et v. RANDOLPH DESK CO.
### Ohio Appeals, 8th Dist., Cuyahoga Co.
### No. 6389.  Decided April 13, 1925

460. EQUITY—Without jurisdiction to decree ouster of directors, shown to have been elected by minutes of annual meeting.

313. CORPORATIONS—1. Where by-laws of, contain no specification as to directors meetings, reasonable notice is implied.

2. Where stock is sought to be sold, reasonable opportunity must be afforded to present stockholder to acquire pro rata share thereof.

LEVINE, P. J.

Robert Sachs brought this action in the Cuyahoga Court of Appeals to set aside a sale by the Randolph Desk Co. of 60 shares of preferred stock and 150 shares of common stock as fraudulent and void; to enjoin the defendants from transferring any of said stock and from exercising any rights by virtue thereof; to obtain a surrender of said stock so that it may be cancelled; and to declare invalid the election of any directors who claim to hold office by virtue of votes cast by means of said stock.

It seems that the company was organized in 1919 with an authorized capital of 400 shares of preferred and 600 shares of common stock, both at the par value of $100. R. L. Randolph, president of the corporation, subscribed for

## STATE COURT OF APPEALS, Continued

99 shares and Sachs for 98 shares. In March, 1922, the Horrocks Desk Co. through one Munger and one Finegan purchased 100 shares of preferred and 50 of common stock for $15,000. In August, 1924, Munger and Finegan presented a proposition to the effect that 60 shares of preferred and 150 of common stock, the value thereof being $21,000, be sold to them for $11,000 on condition that Sachs and Randolph would waive their right to purchase within five years, the stock sold in 1922. Sachs objected to the acceptance of this offer on various occasions.

On Sept. 24, 1924, without calling a meeting of directors, such meeting was attempted to be held, but Sachs withdrew therefrom. The four remaining directors, including Randolph passed a resolution authorizing the sale of the stock requested by Munger and Finegan for $11,000. At this time holders of preferred stock, alone had the power to vote. The effect of the acquisition of the additional preferred, was to give Munger and Finegan control over the company's affairs.

It was contended by Sachs in the Court of Appeals; that the meeting was not properly called, reasonable notice being implied when no specification is made in the by-laws; that three of the directors were given one share each merely for the purpose of acting in that capacity and that they had no authority to do corporate acts and that even if there had been a legal board of directors, it was incapable of authorizing sale of stock below par. The court held:

1. The ground which attacks the qualification of certain directors will be eliminated from any consideration since equity is without jurisdiction to decree an ouster of directors shown by the minutes of the annual meeting to have been elected.

2. When there is an adequate remedy at law, whether afforded by statute or common law, equity will not assume jurisdiction. The only way to test the qualifications of various directors and their right to hold office, is by quo warranto. Sections 12303, 11, 18 and 19 GC.

3. Where by-laws of corporation contain no provision relating to directors meetings, reasonable notice is necessary.

4. Where a corporation through its directors seeks to sell any portion of its treasury stock, a reasonable opportunity must be afforded to the present stockholders to acquire a pro rata proportion of it.

5. The resolution authorizing the sale of stock to Munger and Finegan for $11,000 was invalid, null and void for the reason that Sachs was not given a reasonable opportunity to purchase a pro rata share thereof.

6. It is hereby ordered that defendants or any of them be enjoined from transferring any of said stock or rights by virtue of it, that said stock be surrendered to the corporation so that it may be cancelled as soon as a refund of $11,000 is made to Munger and Finegan. \

Attorneys—Doerfler and Kornhauser for Sachs; A. L. Bishop and Henderson, Quail, Siddall & Morgan for Desk Co.; all of Cleveland.