HENDERSHOT ET AL., APPELLANTS, *v.* CONNER ET AL., APPELLEES.

(No. 7312—Decided March 13, 1974.)

*Messrs. McGowan, Sheck & Hewitt, Messrs. Buckingham, Doolittle & Burroughs* and *Mr. John M. Glenn,* for appellants.

*Mr. Max W. Johnstone,* for appellees.

MAHONEY, J. The parties to this action are all shareholders, directors and/or officers of Cooperative Enterprises of Akron, Inc. (Co-Op.). The Articles of Incorporation and the Code of Regulations of Co-op. provide for proxy votes, but limit each common stock shareholder to one vote, regardless of the number of shares that he owns.

The plaintiffs (appellants), Harold L. Hendershot and Vincent E. Prats, filed an amended complaint alleging that: (1) defendant (appellee) Ray Conner, as President, with the aid and assistance of the other defendants (appellees), as directors, officers, and/or employees of Co-op., wrongfully procured the issuance of a number of shares of common stock to persons who would grant Conner their proxies, and these persons did not pay for the stock; (2) Conner coerced or otherwise persuaded suppliers and the representatives of suppliers to purchase common stock for

the purpose of exercising their votes in Conner's favor and elect a "controlled" Board of Directors; (3) such conduct was in violation of the Articles of Incorporation and the Code of Regulations of Co-op., and it was a fraud upon the stockholders and a breach of fiduciary duty, as well as violative of R. C. Chapter 1707, and the Federal Securities Act of 1933 (Title 15, Sections 77a-77aa, U. S. Code).

Plaintiffs prayed for the following relief:

"Wherefore, plaintiffs pray for the issuance of both temporary and permanent injunctive orders of this court:

"A. Impounding the records of said Corporation, including all written proxies received from shareholders of the Company during the year 1972 and the year 1973, all corporate records such as the minute book, Corporation stock ledger, and other records pertinent to the corporate affairs of the Company;

"B. Setting aside the purported election of April 1, 1973, of directors and enjoining the directors thus purportedly elected at that annual meeting and officers elected as such by the new Board of Directors from assuming the offices to which they were elected;

"C. Restraining the defendants and all other persons from altering, destroying, tampering with or in any manner removing from the offices of the Corporation any proxies received by the Corporation during the year 1972 or 1973 and the corporate records, record books, check books, stock books and ledgers, and other such records, except for purposes of discovery in this action;

"D. Restraining and enjoining defendants and each of them from threatening with loss of employment or in any manner coercing or intimidating any employees of the Company, particularly with respect to acquisition or ownership by them of stock in the Company, their execution or failure to execute written proxies; their authorization or failure to authorize persons to sign proxies;

"E. Cancellation by the Secretary of the issuance of all shares of stock to third persons found to have been paid for, secured or otherwise brought about by the individual

defendants after a date certain and after due notice to purported holders thereof and a tender of the purchase price actually paid therefor;

"F. Requiring an annual meeting to be held and re-set and describing terms upon which proxies may be solicited by the defendants and the plaintiffs for the election of a Board of Directors;

"G. Such further relief as may be deemed just and equitable and the costs of this action."

The defendants moved for a dismissal of the case on the grounds that the proper remedy is in quo warranto, and the court is without jurisdiction in this action. The trial court granted the motion, without any leave to the plaintiffs to file a second amended complaint.

Plaintiffs have appealed, claiming that the court erred: (1) in granting the motion for dismissal, and (2) alternatively, in abusing its discretion by failing to grant the plaintiffs leave to file a second amended complaint.

The core of the relief sought by plaintiffs is to set aside the 1973 election, and to cancel those shares of stock which it believes were wrongfully issued or transferred without consideration to obtain the proxies.

Quo warranto is the proper remedy to challenge a person who unlawfully holds an office in a corporation created by authority of the state. R. C. 2733.01(A). The code further provides, in R. C. 2733.15, that if illegal votes are received, sufficient to change the result of the election, then the court may oust the wrongfully elected defendant. *Capri* v. *Johnson* (1972), 32 Ohio App. 2d 95 (cert. denied).

It is quite apparent, therefore, that the "core of the relief sought" can be obtained only through a quo warranto proceeding. We concur, therefore, in the dismissal of the amended complaint by the trial court. All other relief sought was ancillary to that "core."

The issue concerning whether the trial court abused its discretion, under Civil Rule 15, by failing to give plaintiffs' leave to amend, remains, since they believe that this is a case where "justice so requires."

Plaintiffs argue the case of *Sachs* v. *Randolph Desk*

*Co.* (1925), 3 Ohio Law Abs. 525, as one in which the court retained jurisdiction to cancel shares, even though it did not have jurisdiction in quo warranto. Thus, they argue that they could amend their complaint to seek only a cancellation of the wrongfully issued or transferred shares. However, that case is distinguishable since it dealt with the wrongful issuance of shares, in violation of the pre-emptive rights of other shareholders.

In the instant case, there is nothing alleged to show that the plaintiffs could not have persuaded suppliers to purchase stock just like the defendants allegedly did. The real issue is whether the defendants, as officers, were derelict in their duties and made promises to the suppliers, which were to the detriment of the corporation, in exchange for the proxies. Here, the gravamen is still the election through those proxies. The same would be true for the shares "held by others" for the defendants, because the issue would be to determine if they, in fact, were bona fide proxies. In *Sachs* v. *Randolph Desk Co., supra,* the election of officers was really ancillary to sustaining the pre-emptive rights of the plaintiffs to the treasury stock.

There is, of course, a substantial question as to whether the purchase, by the Conner group, of the treasury stock and subsequent transfers without consideration and acceptance of the proxies concerned a fraudulent scheme designed to enhance Conner's voting power, and to dilute that of the plaintiffs. But the "core of the relief" sought is still to void those elections. The determination of whether those shares and/or proxies should be cancelled is vital to the question of the illegality of the officers holding office.

We determine, therefore, that the trial court had ample reason within its discretion to deny the plaintiffs the right to amend.

We find no error prejudicial to any substantial right of the plaintiffs, and, accordingly, we affirm the judgment.

*Judgment affirmed.*

VICTOR, P. J., and DOYLE, J., concur.