[Cite as *Water Street Condominium Owners' Assn., Inc. v. Ferguson*, 2024-Ohio-1592.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

WATER STREET CONDOMINIUM : 
OWNERS' ASSOCIATION, INC.

                                 :

        Plaintiff-Appellant,                       No. 113183

                                 :

        v. 

                                 :

TRAMPAS B. FERGUSON, ET AL.,

                                 :

        Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-23-980888

---

***Appearances:***

Vogler & Associates, Ltd., and Matthew Edward Vogler,
*for appellant.*

Kehoe & Associates, LLC, Robert D. Kehoe, and Kevin P.
Shannon, *for appellees.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, Water Street Condominium Owners' Association,

Inc., appeals from the trial court's judgment granting the motion to dismiss filed by

defendants-appellees Trampas B. Ferguson, Alexander Toth, and Robert D. Kehoe, Esq. Ferguson and Toth had been previously elected as board members of the Condominium Association in 2019, and Kehoe had been its counsel. The complaint was filed by counsel representing board members who were subsequently elected at special meetings and it requested that the trial court declare the rights of the "new" board members and enjoin Ferguson and Toth from continuing to hold themselves out as board members of the Condominium Association. (For ease of reference, we will refer to defendants Ferguson, Toth, and Kehoe as "the Defendant Board" and plaintiff as "the Plaintiff Board.") The trial court granted the motion to dismiss on the ground that the proper vehicle to resolve the instant dispute is a quo warranto action, as well as on grounds of res judicata. While res judicata is not a proper ground for a Civ.R. 12(B) dismissal, we conclude that this matter must be resolved in a quo warranto action and, therefore, the trial court lacks subject-matter jurisdiction. Accordingly, we affirm the trial court's judgment granting the motion to dismiss.

## Background

{¶ 2} The subject lawsuit is one of several lawsuits involving the dispute surrounding the board members of the Condominium Association. Both the Plaintiff Board and the Defendant Board claim to be the legitimate Board of Directors for the Condominium Association. The allegations in the complaint filed

by the Plaintiff Board establish the following facts, including the filing of several prior lawsuits.

{¶ 3} Water Street Condominiums consists of 99 condominium units and were developed by 1033 Water Street, L.L.C. ("the Developer"). In 2016, a unit owner filed a lawsuit against the Developer over the Developer's failure to turn over the control of the Condominium Association to the unit owners. In *Mangano v. 1033 Water St., L.L.C.*, 8th Dist. Cuyahoga No. 106861, 2018-Ohio-5349, this court affirmed the trial court's decision barring the Developer "or any of its agents from voting for members of the Association's board, participating in or influencing the election in any way, or from serving on the board." *Id.* at ¶ 61.

{¶ 4} As a result of the *Mangano* decision, the control of the Board transferred from the Developer to the unit owners. In 2019, certain board members were elected, including Toth.[1] Having lost the control of the Board, on October 7, 2019, the Developer sold the remaining 35 units it owned, and 34 units were eventually acquired by Apartment 92-Water Street L.L.C. ("Apartment 92" hereafter), which was managed by Michael Apt. After the sale, the Board informed

---

[1] The complaint alleges Ferguson is a previously elected board member who continued to hold himself out as a board member, but it is unclear from the complaint when he was elected.

Apartment 92 that the Board considered Apartment 92 to be a "successor" to the Developer and therefore *Mangano*'s holding would extend to it as well.

**The Prior Consolidated Lawsuits**

{¶ 5} On November 6, 2019, the Condominium Association sued the Developer over its mismanagement of the condominiums in *Water St. Condominium Owners' Assn., Inc. v. 1033 Water St., L.L.C.*, Cuyahoga C.P. No. CV-19- 924640. On November 8, 2019, the Developer sued the Condominium Association in *1033 Water St., L.L.C. v. Water St. Condominium Owners' Assn., Inc.*, Cuyahoga C.P. No CV-19-924835, to challenge the Condominium Association's position that Apartment 92 was a "successor developer" and therefore barred from serving on the board of directors and from voting in the elections.

{¶ 6} On September 11, 2020, Apartment 92 filed its own action in *Apartment 92 - Water St., L.L.C. v. Water St. Condominium Owners' Assn., Inc.*, Cuyahoga C.P. No. CV-20-937140. The lawsuit sought to enjoin the Board "from impeding [Apartment 92's] ability to serve on the [Board], to vote in elections for Association board members, and otherwise participate in any other votes or elections that may be held by the Association." This lawsuit was consolidated with the first two lawsuits. According to the instant complaint, "the gravamen of the

Consolidated Cases originated with the transfer of the control of the Board from the original developer * * * to the individual owners of the units * * *."

## Election of the Plaintiff Board

{¶ 7} On April 13, 2021, Apartment 92 obtained a preliminary injunction in the consolidated cases. The court ruled that the Board "is prohibited from proceeding with the election of any members of the [Board] — including, but not limited to, any annual meeting of the Association — unless [Apartment 92] is permitted to vote and otherwise fully participate in said election."[2]

{¶ 8} Subsequently, the Defendant Board refused to schedule an annual meeting for Board elections. As a result, Michael Apt called a special meeting on January 27, 2023, citing the Bylaws of the Condominium Association as permitting the special meeting. On February 27, 2023, a special meeting was held and Tyler Brummett, Olivia Kellogg, and Philip Bowman were elected. On April 14, 2022, another special meeting was held and Michael Apt, whose company has 35 percent

---

[2] As pointed out by the Defendant Board in its motion to dismiss, in the same decision, the trial court also stated that "until the litigation is concluded, the Association could choose not to vote on any substantive issues thereby alleviating any possibility of substantial changes with the way Water Street is managed." While this statement is not cited in the complaint, it is acknowledged by the Plaintiff Board in its brief on appeal.

interest of the subject property, was elected as a board member as well. These individuals comprise the Plaintiff Board.

## The Instant Lawsuit Filed by the Plaintiff Board

{¶ 9} On June 13, 2023, Matthew Vogler, Esq., a unit owner, filed the instant lawsuit, *Water St. Condominiums Owners' Assn. Inc. v. Trampas B. Ferguson*, Cuyahoga C.P. No. CV-23-980888, as authorized by the Plaintiff Board. The complaint sets forth the foregoing allegations and sought relief in three counts. Count I seeks a declaratory judgment of "rights of newly elected board members." It states that

> [t]here exists an actual controversy and genuine dispute between the Association and defendants [Ferguson, Toth, and Kehoe] concerning defendants' refusal to acknowledge the results of the special election which occurred on February 27, 2023, and their continued efforts to hold themselves out as members of the Board or as representing the Association.

Under Count I, the Plaintiff Board asks the court

> to adjudicate and declare the rights of the current members of the Board * * * and declare that the Board is currently comprised of Michael Apt, Tyler Brummett, Olivia Kellogg, and Philp Bowman, who have all been duly elected at previously held and proper meetings of the Association, to wit, those on April 12, 2022, and February 27, 2023.

{¶ 10} Count II of the complaint seeks preliminary and permanent injunctive relief. It requests the court to enjoin the Defendant Board from holding themselves

out as members of the Board or exercising any authority over the Association.  Count III seeks a temporary restraining order against the Defendant Board.

**The Defendant Board's Motion to Dismiss**

{¶ 11} In the motion to dismiss, the Defendant Board contended that the February 27, 2023 special meeting, during which members of the Plaintiff Board were elected, was void for several reasons:  Michael Apt was not empowered to call a special meeting; Olivia Kellog was not a unit owner and therefore not eligible to be a member of the Board; and some voters were not eligible to vote because they were delinquent.

{¶ 12} The Defendant Board argued the case should be dismissed on several grounds.  First, they argued that the lawsuit was not authorized by the Board on behalf of the Association and, therefore, the Plaintiff Board lacks standing to file the lawsuit.  Second, they argued the trial court has no jurisdiction to decide a dispute over a party's right to hold office in a nonprofit organization such as a condominium owner's association because the proper vehicle for resolving the dispute is a quo warranto action brought by the state's attorney general or a county prosecuting attorney, pursuant to R.C. 2733.05.  Third, they contended a quo warranto action must be brought at either a court of appeals or the Supreme Court of Ohio, pursuant to R.C. 2733.03.  Fourth, the Defendant Board claimed res judicata precluded the

instant lawsuit because the jurisdictional issue had been decided on two occasions in the consolidated cases.

**Trial Court's Dismissal of the Instant Lawsuit; Plaintiff Board's Appeal**

{¶ 13} The trial court granted the Defendant Board's motion to dismiss on the grounds of res judicata and a lack of jurisdiction. Its journal entry states, in pertinent part:

> Defendants' motion to dismiss the complaint, filed 07/14/2023, is granted. Plaintiff's complaint is duplicative of the claims raised before another court, therefore, res judicata precludes these claims being brought by the same party seeking the same relief as Case CV 937140. * * * In Case 37140, the parties are litigating the same issues and seek to have this court resolve which party properly constitute the board of the Condominium Association. This court lacks jurisdiction to substitute board members, [and] such action must be brought via an extraordinary writ of quo warranto through the State Attorney or the County Prosecutor.

{¶ 14} On appeal, the Plaintiff Board raises the following two assignments of error:

> 1. The trial court erred in holding, in its order dated August 16, 2023, which granted Defendants' motion to dismiss, that Plaintiff's claims are barred under the doctrine of res judicata because the same claims are purportedly being brought by the same party in a separate matter presently pending in the Court of Common Pleas, to wit, Case No. 20-CV-937140, because res judicata is not a proper basis for dismissal under Ohio Rule of Civil Procedure 12 pursuant to the *Freeman* rule. *See, e.g., Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E. 3d 1036, ¶ 10 (citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991)).
>
> 2. The trial court erred in holding, in its order dated August 16, 2023, which granted Defendants' motion to dismiss, that it lacked subject[-]matter jurisdiction over this action because said action must

be "sought via an extraordinary writ of quo warranto," because this action does not sound in quo warranto as it does not seek a judgment of ouster, but rather seeks to declare the rights of a party with respect to actions which have already taken by the Association.

## Res Judicata

{¶ 15} In the motion to dismiss, the Defendant Board claimed that the Plaintiff Board's claims should be dismissed under Civ.R. 12(B)(6), arguing they were barred by res judicata because the Plaintiff Board's claims regarding the board members had been denied for a lack of subject-matter jurisdiction in the consolidated cases.

{¶ 16} Pursuant to the doctrine of res judicata, a valid, final judgment on the merits bars any subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the first action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 17} A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. Therefore, when ruling on a Civ.R. 12(B)(6) motion, a court may not rely on evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Accordingly, "'res judicata is not a defense that can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be proved with evidence outside the

pleadings.'" *Arnoff v. PAJ Ents., L.L.C.*, 8th Dist. Cuyahoga No. 110714, 2022-Ohio-1759, ¶ 13, quoting *Kobal v. Kobal*, 8th Dist. Cuyahoga No. 110317, 2022-Ohio-812, ¶ 10, citing *Commons v. Raaber*, 8th Dist. Cuyahoga No. 96867, 2011-Ohio-6084, ¶ 10, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991). *See also, e.g., Pfalzgraf v. Miley*, 7th Dist. Monroe No. 19 MO 0006, 2019-Ohio-4920 (res judicata is not one of the defenses enumerated in Civ.R. 12(B) and must be pled in the answer); and *Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026, 2012-Ohio-6133, ¶ 42 (Res judicata is an affirmative defense under Civ.R. 8(C) and must be pled and cannot be raised by a motion to dismiss.).

{¶ 18} While res judicata is not a proper ground for the dismissal of the instant complaint under Civ.R. 12(B)(6) and we sustain the first assignment of error, we nonetheless affirm the trial court's judgment granting the motion to dismiss for a lack of jurisdiction because, as we explain in the following, the instant dispute must be adjudicated in an action in quo warranto.

### Quo Warranto

{¶ 19} "A trial court must dismiss for lack of subject-matter jurisdiction if the complaint fails to raise a cause of action cognizable by the forum." *Masjid Omar Ibn El Khattab Mosque v. Salim*, 10th Dist. Franklin No. 12AP-807, 2013-Ohio-2746, ¶ 15, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). We review a dismissal under Civ.R. 12(B)(1) for lack of

subject-matter jurisdiction de novo.  *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

{¶ 20} R.C. Chapter 2733 governs quo warranto actions.  These actions may be brought against "a person who usurps, intrudes into, or unlawfully holds or exercises * * * an office in a corporation created by the authority of this state." R.C. 2733.01(A).  Furthermore, pursuant to R.C. 2733.05, such an action must be brought by the attorney general or a prosecuting attorney.  And, pursuant to R.C. 2733.03, an action in quo warranto can be only be brought in the Supreme Court or in the court of appeals.

{¶ 21} A quo warranto action is "'the proper and exclusive remedy for determining the legal right of an officer of an incorporated nonprofit association to hold office.'"  *State ex rel. Gmoser v. Village at Beckett Ridge Condominium Owners' Assn., Inc.*, 2016-Ohio-8451, 82 N.E.3d 464, ¶ 15 (12th Dist.), quoting *Carlson v. Rabkin*, 152 Ohio App.3d 672, 2003-Ohio-2071, 789 N.E.2d 1122, ¶ 35 (1st Dist.).  *See also Greater Temple Christian Church v. Higgins*, 9th Dist. Summit No. 23022, 2006-Ohio-3284, ¶ 17; *Unirea Societatilor Romane Carpatina v. Suba*, 130 Ohio App.3d 538, 541, 720 N.E.2d 594 (8th Dist.1998); *Strah v. Lake Cty. Humane Soc.*, 90 Ohio App.3d 822, 631 N.E.2d 165, (11th Dist.1993) (the trial court lacks authority to grant quo warranto relief by granting an injunction ousting directors of a nonprofit corporation on the basis that they were elected at an unlawfully postponed annual meeting); and *Global Launch v. Wisehart*, 156 Ohio

Misc.2d 1, 2010-Ohio-1457, 925 N.E.2d 698 (C.P.) (The validity of an election of members of a corporate board falls squarely within the quo warranto remedy.).

{¶ 22} The Plaintiff Board nonetheless argues that "in order to be a quo warranto action, the relief sought must necessarily include ouster" and, "[w]here the relief sought in a claim is not for ouster, the relief is not in the nature of quo warranto."

{¶ 23} However, when determining whether a party is seeking quo warranto relief, courts must "identify the core issues raised by the parties for judicial resolution." *Masjid Omar Mosque*, 2013-Ohio-2746, at ¶ 20. *See also State ex rel. Gmoser*, 2016-Ohio-*8451,* at ¶ 38.

{¶ 24} In *Masjid Omar Ibn El Khattab Mosque*, the issue involved a dispute about who the legitimate board members of a mosque were. The trial court determined the core issue was the validity of the election of the new board and held that such an issue must be resolved through a quo warranto action. On appeal, the original board argued the trial court had jurisdiction because it was not seeking ouster of the newly elected board and, therefore, the action was not in the nature of quo warranto. The Tenth District agreed with the trial court, holding that the remedy sought by the original board can only be achieved through a quo warranto action. *Id*. at ¶ 21.

{¶ 25} The Tenth District explained that when deciding whether a party is seeking quo warranto relief, the court must identify the core issues raised by the

parties for adjudication and, "[i]f the principal or primary issue is the validity of the election of corporate officers, then the action, no matter how pleaded, is actually a quo warranto action." *Id*. at ¶ 20, citing *State ex rel. Babione v. Martin*, 97 Ohio App.3d 539, 544, 647 N.E.2d 169 (6th Dist.1994); *Goldberg v. Rite Rug Co.*, 10th Dist. Franklin No. 82AP-135, 1983 Ohio App. LEXIS 15370 (June 23, 1983); and *Ohio Hosp. Assn. v. Community Mut. Ins. Co.*, 10th Dist. Franklin No. 85AP-1049, 1986 Ohio App. LEXIS 6994 (June 5, 1986). *See also Hendershot v. Conner*, 48 Ohio App.2d 335, 357 N.E.2d 386 (9th Dist.1974) (where the core of relief sought by a plaintiff is the challenge to a person who unlawfully holds corporate office, the proper remedy is quo warranto and a court of common pleas lacks jurisdiction over the subject matter of the action). The Tenth District also stated that, if the relief sought "is a declaratory judgment stating which claimant has a right to office and/or an injunction ordering the removal of a person from office, then the action must be pursued through a quo warranto action." *Masjid Omar Mosque,* 2013-Ohio-2746, at ¶ 20, citing *Greater Temple Christian Church,* 9th Dist. Summit No. 23022, 2006-Ohio-3284, ¶ 17-18; *Strah*, 90 Ohio App.3d, at 828; *Hendershot*, 48 Ohio App.2d, at 337; and *Capri v. Johnson*, 32 Ohio App.2d 95, 98, 288 N.E.2d 604 (10th Dist.1972).

{¶ 26} The Second District applied *Masjid Omar Mosque*'s holding in *Kirby v. Oatts*, 2020-Ohio-301, 151 N.E.3d 1083 (2d Dist.). *Kirby* involved facts similar to the instant case. A group of homeowners called a special meeting to elect new board

members in order to replace an existing board due to concerns about the operation of the homeowners' association. The newly elected board filed a lawsuit seeking a determination of the validity of the election and a declaration that the new board was duly elected. It sought an order from the court enjoining the prior board from continuing to act on behalf of the homeowners' association.

{¶ 27} The Second District held that the trial court lacked subject-matter jurisdiction over the case because the matter must be addressed in an action in quo warranto. The Second District, citing *Masjid Omar Mosque,* 2013-Ohio-2746, found that the core relief sought by the plaintiff board "was to essentially oust the Defendant Board." It reasoned as follows:

> The Plaintiff Board's request for a declaratory judgment primarily asked the trial court to determine whether [the election] of the Plaintiff Board was valid. As noted in *Masjid Omar Mosque*, "[i]f the principal or primary issue is the validity of the election of corporate officers, then the action, *no matter how pleaded*, is actually a quo warranto action." (Emphasis added.) *Masjid Omar Mosque*, 10th Dist. Franklin No. 12AP-807, 2013-Ohio-2746, at ¶ 20.

*Kirby* at ¶ 28.

{¶ 28} The Second District noted that the newly elected board's complaint specifically requested that the trial court issue an order for the prior board members to cease and desist representing themselves as trustees and for the newly elected board to be recognized by the financial institutions as the trustees of the homeowners' association. The Second District determined that "[t]hese requests clearly indicate that the Plaintiff Board's request for a declaratory judgment was for

purposes of ousting the Defendant Board." *Kirby* at ¶ 29. Accordingly, the action is one for quo warranto and the trial court lacked subject-matter jurisdiction.

{¶ 29} Similarly, the complaint in this case alleges that the Plaintiff Board has been duly elected at properly held meetings of the Condominium Association on April 12, 2022, and February 27, 2023, but the Defendant Board members continued to hold themselves out as members of the Board and attempt to exercise control over the Codominium Association. Paragraph 30 of the complaint states that plaintiff seeks to have the trial court declare the legal rights of the current Board members. Paragraph 40 of the complaint requests the court grant injunctive relief enjoining the Defendant Board from holding themselves out as duly elected members of the Board and from exercising any authority over the property or function of the Association. The core issue raised in the complaint is the validity of the election of the Plaintiff Board and, as such, is to be determined in a quo warranto action. *Kirby,* 2020-Ohio-301, at ¶ 28; *Masjid Omar Mosque*, 2013-Ohio-2746, at ¶ 20.[3] Because the complaint fails to raise a cause of action cognizable by the forum,

---

[3] The Plaintiff Board cites a 2000 case from the Second District, *N. Dayton First Church of God v. Berger*, 2d Dist. Montgomery No. 18171, 2000 Ohio App. LEXIS 4964 (Oct. 27, 2000), for its contention that a quo warranto action is only proper if a judgment of ouster is being sought and that, in this case, the Plaintiff Board is not seeking ouster. This claim is not supported by the precedent cited in the foregoing analysis. We also note that the Second District discussed *N. Dayton* in its *Kirby* decision but ultimately applied *Masjid Omar Mosque*. The Plaintiff Board also cites this court's decision in *Sworak v. Great Lakes Recreational Vehicle Assn.*, 8th Dist. Cuyahoga No. 110137, 2021-Ohio-4309, for its claim that a quo warranto action is only proper when ouster is sought. We note that *Sworak* concerns a motion seeking sanctions — appellant requested sanctions because appellee filed an action that appellant claimed to be a disguised quo warranto action, over

we affirm the trial court's judgment dismissing the instant complaint for a lack of subject-matter jurisdiction.  The second assignment of error is without merit.

{¶ 30} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR

---

which the trial court lacked jurisdiction.  This court discussed *Kirby* and *N. Dayton* and affirmed the trial court's decision denying sanctions, explaining that it could not conclude appellee lacked a good faith belief that the trial court possessed jurisdiction over claims asserted in the complaint.  Contrary to Plaintiff Board's assertion, there is no holding from this court on the substantive issue regarding quo warranto in *Sworak*.